**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: JEANNIE QUINTEROS, | * | Case No. 19-00195-SMT |
| Debtor. | * | Chapter 13 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CAPITAL VENTURES INTERNATIONAL, LLC | * | |
| Movant, | * | |
| v. | * | |
| JEANNIE QUINTEROS, Respondent/Debtor, | * | |
| RONNIE QUINTEROS, Respondent/Co-Debtor, And | * | |
| NANCY SPENCE GRIGSBY, Trustee | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**
**AS TO REAL PROPERTY AT 1596 SALERNO CIRCLE, WESTON, FL 33327**

Comes now the Co-Debtor Respondents, Jeannie and Ronnie Quinteros (Respondents/Co-Debtors), by their attorney, Alisha Gordon, and prays that this Court enter an Order Denying Capital Ventures International, LLC ("Movant") Motion for Relief from the Automatic Stay of 11 U.S.C. Section 362(a) as to 1596 Salerno Circle, Weston, FL 33327 (the "Property"). In further support of this Opposition, Respondents/Co-Debtors respectfully states:

1. On or about March 27, 2019 (the "Petition Date"), Jeannie Quinteros (the "Debtor") filed a petition under Chapter 13 of the United States Bankruptcy Code.

2. On or about November 2, 2006, the Debtor and Ronnie Quinteros ("Co-Debtor") executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $328,000.00 (the "Note").

3. On or about January 8, 2015, the Debtor and Movant entered into a Loan Modification Agreement. The Loan Modification agreement consensually modified the terms of the Note.

Copies of the Affidavit of Lost Note, the Note, the Allonge to the Note, and the Loan Modification were recorded in the Public Records of Broward County, Florida on or about November 14, 2006, Instrument #106594614, Book 43110 at Page 1071.

4. The US Bankruptcy Code and Rules state, "…movant has the initial burden to establish that cause exists, while the debtors bears the ultimate burden on all other issues other than equity in its property. 11 USC § 362(g); In re Poissant, B. R., 2009 WL 1402269 (Bankr. N. D. Ohio May 20, 2009).

5. Movants, Capital Ventures International LLC, has not met this burden.

6. Debtor unequivocally, opposes that Capital Ventures International, LLC are **NOT** owed mortgages monies less known have any interest what-so-ever in 1596 Salerno Cir., Weston, FL.

7. Debtor believes that the Florida Broward County Court's Ruling stated that National Home Investors, LLC nor its successor in interest have "standing" less known a right to foreclosure on 1596 Salerno Circle, Weston, FL should remain enforced in the United State Bankruptcy Court for the District of Columbia.

8. To further explain the Movant's lack of standing, one would need to understand National Home Investors, LLC role in Movant's Motion.

9. Capital Ventures International, LLC and National Home Investors, LLC have the same address, same clients, same financial interest, same exact structure as Capital Ventures International, LLC, Lampariello Law Group, Maddison Management Services LLC and Nicholas Lampariello, Esq.

10. Capital Ventures International, LLC is a successor of National Home Investors, LLC with a similar board of directors, financial officers, exercise continuous sovereign authority over; ability to control and direct the making and administration of financial transactions.in. Capital Venture International, LLC has the identical responsible for business oversight and maximizing profits as National Home Investors, LLC.

11. National Home Investors, LLC dba Capital Ventures, LLC oversees the interest, activities and affairs of each other, including accountable to the State of Florida Real Property Redemption rights and laws.

12. The newly created "entity" called Capital Ventures LLC "movants" was "established" to attempt to enforce rights that a Florida Court deemed unenforceable and dismissing of National

Home Investors, LLC foreclosure redemptions rights with prejudice.

13. The totality and entirety of the Debtor's Florida State Court's decision, ruling and dismissal of foreclosure cases with "prejudice" is completely ignored in Movant's motion and is brought in this Honorable Federal Court in hopes of "duping" this Court to mortgage payments and egregiously foreclosure redemption rights that they have not and do not possess in the Florida State Court.

14. The totality and entirety of the Debtor's Florida State Court's Decision and Dismissal of Foreclosure with "prejudice" is the posture that this Court should analyze and rule on this contested Motion.

15. Next, any secured lender, attempting to take advantage on a Debtor under the protection of the Bankruptcy Code, defeats the entire purpose of bankruptcy protection

16. Notably, Debtor Respondent, Jeannie Quinteros, has made all Trustee payments so which interest may have standing to claim mortgage payments is adequately protected.

17. Despite, National Home Investors dba Capital Ventures International, LLC and its assignees and/or successors in interest Capital Ventures International, LLC aka National Home Investors, LLC , numerically calculation that someone may have a secured claim against 1596 Salerno Circle, Weston, FL, this does **not** entitle "them", Capital Ventures International, LLC" to the monthly payments.

18. Further, case law states that the Bankruptcy Court should review Oppositions to Motion to Relief Stay,"… on case by case basis". In re Laguna Associates, L.P., 30 F. 3d 734, 737 (6th Civ. 1994). In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye toward the overall goals of the Bankruptcy Code. In re C&S Grain Co., 47 F. 3d 233, 238 (7th Civ. 1995).

19. Next, with the help of Debtors' counsel, Debtors are strategically aligning their income and expenses for a profitable income stream, so Debtors can remain current on future mortgage payments that will be tendered to the "real lienholder" on the "authentic deed of trust".

20. Pursuant to 11 USC 362(m) (2) the Debtors can demonstrate to this Honorable Court that the situation giving rises to the lessor's certification has been remedied and the Movant's do not have standing to bring this Motion less known any secured interest in 1596 Salerno

Circle, Weston, FL.

For the reasons set forth herein, the Motion to Relief of Stay should be **Denied** and stay provided under subsection (a) (3) remaining in effect until the termination of the stay under this section.

Respectfully Submitted on Behalf of Debtors, Jeannie and Ronnie Quinteros,

Dated:   July 29, 2019   
s/ Alisha Gordon  
Alisha Gordon  
Law Offices of Alisha Gordon MBA  
1101 Connecticut Avenue, Ste 450  
Washington, DC 20036  
(305) 834-0396  
Counsel for the Debtors/Respondents

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day July, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Opposition to Motion for Relief from Automatic Stay will be served electronically by the Court's CM/ECF system on the following:

**19-00195-SMT Notice will be electronically mailed to:**

Alisha Elaine Gordon on behalf of Debtor Jeannie Quinteros  
agordon188@aol.com, info@marylandnc.com

Nancy Spencer Grigsby  
grigsbyecf@ch13md.com

Michael J. Klima, Jr. on behalf of Creditor Santander Consumer USA Inc.  
jklima@peroutkalaw.com, bankruptcy@peroutkalaw.com

Jon Jay Lieberman on behalf of Defendant Maddison Management Services LLC  
bankruptcy@sottileandbarile.com

Gregory Christopher Mullen on behalf of Creditor Capital Ventures International, LLC  
gmullen@tydingslaw.com, Gregory.c.mullen@gmail.com,edondero@tydingslaw.com

Gregory Christopher Mullen on behalf of Defendant Capital Ventures International LLC  
gmullen@tydingslaw.com, Gregory.c.mullen@gmail.com,edondero@tydingslaw.com

Gregory Christopher Mullen on behalf of Defendant National Home Investors, LLC
gmullen@tydingslaw.com, Gregory.c.mullen@gmail.com,edondero@tydingslaw.com

Stephen Printiss Murphy on behalf of Defendant CitiMortgage, Inc.
steve.murphy@lockelord.com

U. S. Trustee for Region Four
USTPRegion04.DC.ECF@USDOJ.GOV

I hereby further certify that on this 29th day of July, 2019, a copy of the foregoing Opposition to Motion for Relief from Automatic Stay was also mailed first class mail, postage prepaid, to:

Jeannie Quinteros

**19-00195-SMT Notice will not be electronically mailed to:**

Nicholas Lampariello on behalf of Defendant Capital Ventures International LLC
Lampariello Law Group
4760 W. Commercial Blvd.
Tamarac, FL 33319

Nicholas Lampariello on behalf of Defendant Maddison Management Services LLC
Lampariello Law Group
4760 W. Commercial Blvd.
Tamarac, FL 33319

Nicholas Lampariello on behalf of Defendant National Home Investment LLC
Lampariello Law Group
4760 W. Commercial Blvd.
Tamarac, FL 33319

Nicholas Lampariello on behalf of Defendant Nicholas Lampariello
Lampariello Law Group
4760 W. Commercial Blvd.
Tamarac, FL 33319

See Attached Mailing Matrix

                    s/ Alisha Gordon   7/29/2019
                    Alisha Gordon
                    Law Offices of Alisha Gordon MBA
                    1101 Connecticut Avenue, Ste 450
                    Washington, DC 20036

(305) 834-0396
Counsel for the Debtors/Respondents