# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:            ) | |
|     JEANNIE QUINTEROS,    ) | Case No.:    19-00195 SMT |
|                                ) | Chapter 13 |
|     Debtor.              ) | |
|                                ) | |
| _____) | |
|                                ) | |
| Capital Ventures International, Inc.  ) | |
|     Movant,               ) | |
|                                ) | |
| v.                         ) | |
|                                ) | |
| Jeannie Quinteros,               ) | |
|     Respondent/Debtor,       ) | |
|                                ) | |
| Ronnie Quinteros,               ) | |
|     Respondent/Co-Debtor,    ) | |
| And                         ) | |
|                                ) | |
| Nancy Spencer-Grigsby,          ) | |
|     Chapter 13 Trustee.       ) | |
|                                ) | |
| _____) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTYAT 1596 SALERNO CIRCLE, WESTON, FL 33327**

**COMES NOW** the debtor Jeannie Quinteros, by and through undersigned counsel, hereby files the instant Supplemental Memorandum of Law to the previously filed Opposition to Motion for Relief from Automatic Stay as to Real Property at 1596 Salerno Circle, Weston, Fl 33327.  In support thereof the debtor states as follows:

**PROOF OF CLAIM PROCESS**

The Bankruptcy Code and Bankruptcy Rules govern the requirements for the filing and

1

allowance of proofs of claim in a chapter 13 case. Creditors may file proofs of claim in bankruptcy proceedings pursuant to § 501(a). Filed claims are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to Bankruptcy Rule 3002(a), an unsecured creditor generally is required to file a proof of claim for purposes of allowance of its claim. The significance of having an allowed claim in a chapter 13 case is straightforward: "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed . . . ." Fed. R. Bankr. P. 3021. "Disallowed claims will not participate in the case or receive any payment with regards to that claim." In re Ruiz Martinez, 513 B.R. 779, 783 (Bankr. D.P.R. 2014) (citing Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 502.01 (16th ed. 2012); In re Pick & Save, Inc., 478 B.R. 110, 121 (Bankr. D.P.R. 2012)).

Section 502(b) enumerates a variety of grounds for disallowance of a claim including untimely filed claims. 11 U.S.C. § 502(b)(9).6 Thus, in chapter 13 cases, a timely filed proof of claim is a precondition to allowance of an unsecured claim and the creditor's right to receive distributions under the plan.

In a chapter 13 case, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." It is undisputed that National did not file a proof of claim or obtain an extension of the deadline before the claims bar date expired.

At no time can the movant claim the filing of an "Informal Proof of Claim" that would survive the scrutiny of the Court's requirement:

2

- the proof is in writing
- the writing includes a demand against the bankruptcy estate
- the writing demonstrates the intent to hold the estate liable
- the writing is filed with the bankruptcy court, and
- allowing the claim would be fair under the circumstances of the case.

Since the movant has not filed anything that can support a claim that a timely filed Informal Proof of Claim has been filed the Motion for Relief must be denied.

**TIME FOR FILING**

The deadline for filing a proof of claim for non-governmental creditors in a Chapter 13 bankruptcy case is 70 days after the petition filing date. (On December 1, 2017, the previous deadline of 90 days after the first meeting of the creditors was shortened to the current period). In the instant matter the Deadline was established as June 5, 2019.  The movant failed to file a timely Proof of Claim.

**UNTIMELY FILED PROOD OF CLAIM EFFECT UPON THE RIGHTS OF THE CREDITOR**

The issue before the Court is whether Rule 3002(c)'s deadline applies to *all* creditors or merely *unsecured* ones. The Bankruptcy court has held, that the Rule applies only to secured creditors. The language of Rule 3002(c) firmly supports this position. Ruile 3002 requires the filing of a proof of claim or interest, applies specifically to secured and unsecured creditors. See FED. R. BANKR.P. 3002(a) ("A secured and unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed."). In fact, Rule 3002 expressly refers to "secured

creditors."

A creditor must file a proof of claim in order to participate in Chapter 13 plan distributions. See FED. R. BANKR.P. 3021 (permitting distribution to creditors "whose claims have been allowed"); 11 U.S.C. § 502(a) (providing that a claim is "deemed allowed" when a proof of claim is filed under section 501); see also *In re Brisco,* 486 B.R. 422, 430 (Bankr.N.D.Ill.2013); *In re Strong,* 203 B.R. 105, 112 (Bankr.N.D.Ill.1996).

Furthermore, secured creditors have an obligation to proceed timely to enable a Bankruptcy Court to determine whether a plan is feasible and otherwise comports with the requirements of Chapter 13 in order to be a confirmable plan.

The above result is not unduly harsh. Creditors have notice of the consequences of the failure to file a timely Proof of Claim concerning their ability to seek adequate protection or relief from the automatic stay. The 14th edition of *Collier* clearly sets forth the fact that the holder of a secured claim who has not filed a timely Proof of Claim is not eligible to seek relief from the automatic stay. See 15 *Collier on Bankruptcy* ¶¶ 13–401.06, p. 13–401–14; 401.07, p. 13–401–15; and 302.08[1], fn. 9, p. 13–302–16. (14th ed.)

This Court is requested to accept the conclusion that the lien of a secured creditor that is being treated as an unsecured creditor does survive the Chapter 13 proceeding. However, the survival of this lien does not require adequate protection of said lien during the Chapter 13 proceeding.

Rule 3002 is binding on the issue of when secured claims had to be filed in the

case at bench. Because the movant failed to file a timely proof of claim in accordance with Rule 13–302(e)(1), the movant forfeited its secured status and may not seek relief from the automatic stay.

The deadline for filing a proof of claim in Federal Rule of Bankruptcy Procedure 3002(c) applies to *all* claims, including those of secured creditors. Because the movant did not file a proof of claim before the Rule 3002(c) deadline, the bankruptcy court should disallow the secured portion of the movant's claim.

**WHEREFORE**, given the debtor's Supplemental Memorandum of Law, the debtor prays this honorable Court:

    **A.** Denies the Movant's Motion; and

    **B.** Deem the Movant's claim to be treated as an unsecured creditor;

    **C.** for any other relief deemed necessary and proper.

August 8, 2019

*/s/ William C. Johnson, Jr.*
William C. Johnson, Jr. #470314
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(202) 525-2958

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 8, 2019 a copy of the foregoing has been sent via first class mail, postage pre-paid, to the following:

**19-00195-SMT Notice will be electronically mailed to:** Alisha Elaine Gordon on behalf of Debtor Jeannie Quinteros agordon188@aol.com, info@marylandnc.com ;

Nancy Spencer Grigsby grigsbyecf@ch13md.com ;

Michael J. Klima, Jr. on behalf of Creditor Santander Consumer USA Inc. jklima@peroutkalaw.com, bankruptcy@peroutkalaw.com ;

Jon Jay Lieberman on behalf of Defendant Maddison Management Services LLC

bankruptcy@sottileandbarile.com ;

Gregory Christopher Mullen on behalf of Creditor Capital Ventures International, LLC

gmullen@tydingslaw.com;

Gregory.c.mullen@gmail.com,edondero@tydingslaw.com ;

Gregory Christopher Mullen on behalf of Defendant Capital Ventures International LLC

gmullen@tydingslaw.com;

Gregory.c.mullen@gmail.com,edondero@tydingslaw.com

Gregory Christopher Mullen on behalf of Defendant National Home Investors, LLC

gmullen@tydingslaw.com,

Gregory.c.mullen@gmail.com,edondero@tydingslaw.com

Stephen Printiss Murphy on behalf of Defendant CitiMortgage, Inc.

steve.murphy@lockelord.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV


August 8, 2019                                                  */s/ William C. Johnson, Jr.*
                                                                 William C. Johnson, Jr.