The document below is hereby signed.

Signed: November 8, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | Case No. 19-00195 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

### MEMORANDUM DECISION AND ORDER
### DENYING MOTION TO WAIVE TRANSCRIPT FEE

The debtor has filed a notice of appeal regarding this court's order granting relief from the automatic stay. The debtor's *Motion to Waive Transcript Fees* (Dkt. No. 106) seeks pursuant to 28 U.S.C. § 1930(f)(3) a waiver of the fee for a transcript of the hearing that led to that order. The *Motion to Waive Transcript Fees* will be denied because the appeal is frivolous (such that it is not pursued in good faith) and because the evidence was largely documentary and the debtor has not pointed to any testimony that is pertinent to the appeal.

I

Section 1930(f)(3) provides: "This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed

under this section for other debtors and creditors." The transcript fee is not prescribed under § 1930. Accordingly, § 1930(f)(3) (the provision the debtor invokes) is not a basis for waiving a transcript fee.

II

However, under 28 U.S.C. § 753:

> Fees for transcripts furnished in other proceedings [meaning other than in criminal or habeas corpus proceedings] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

The debtor has not paid the fee for filing the notice of appeal, and has not obtained leave to proceed *in forma pauperis*, and such leave (if it were sought) must be denied for reasons discussed below. It follows that the court cannot waive the fee for a transcript for the appeal.

III

The debtor is not entitled to leave to proceed *in forma pauperis*,[1] whether under 28 U.S.C. § 1915(a)(1) or 28 U.S.C.

---

[1] An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, the debtor is free to seek relief from the district court, as the appellate court, to appeal *in forma pauperis* even though this court denies such relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

§ 1930(f)(3).

A.

In relevant part, 28 U.S.C. § 1915(a)(1) provides that "any court of the United States may authorize the . . . defense of any . . . proceeding . . . or appeal therein, without prepayment of fees" if the party is indigent.[2]  However, under 28 U.S.C. § 1915(a)(3), an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  Pursuant to § 1915(a)(3), the court must deny any application to pursue an appeal *in forma pauperis* if the appellant identifies no issue the appellant would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v.*

---

[2]    A bankruptcy court is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction).  Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States."  *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451.").  Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893-96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *Schaefer Salt Recovery, Inc.*, and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

*United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794-95 (D.C. Cir. 1985). The debtor has failed under Fed. R. Bankr. P. 8009(a)(1) to file a statement of the issues to be presented on appeal. Similarly, the debtor's *Motion to Waive Transcript Fees* does not identify an issue she is pursuing on appeal that has an arguable basis in law and fact. In her *Motion to Stay Pending Appeal* she did identify issues she will be pursuing on appeal. However, for all the reasons stated in the *Memorandum Decision and Order Denying Motion to Stay Pending Appeal* signed today, none of those issues has an arguable basis in law and fact. The appeal is frivolous as it does not present a substantial question, and no transcript is needed to pursue those issues on appeal:

> (1) The bankruptcy court correctly determined that Capital Ventures has a colorable claim that it is the entity entitled to pursue enforcement of the Note and Mortgage at issue, such that it has standing to seek relief from the automatic stay to pursue in a state court foreclosure proceeding a determination of its right to seek to enforce the Note and Mortgage: the debtor relied on documents received into evidence in contending that Capital Ventures lacks standing, and no transcript is needed to rely on those documents on appeal. The debtor's motion fails to explain how she can show that the bankruptcy court's findings of

fact were clearly erroneous or that the bankruptcy court erred in its conclusions of law;

(2) The debtor points to no error in the bankruptcy court's determination that if Capital Ventures had standing to pursue relief from the automatic stay, such relief was appropriate under 11 U.S.C. §§ 362(d)(1) and 362(d)(2). For example, the debtor does not dispute that there is no equity in the subject property and that her plan does not attempt to deal with the secured claim at issue, both matters that are supported by documentary evidence for which no transcript is required.

(3) The debtor made a frivolous argument that the creditor's failure to file a timely proof of claim bars pursuit of stay relief, and that argument does not depend on having a transcript.

(4) The debtor made a frivolous argument that the co-owner of the property did not agree to the loan modification agreement upon which Capital Ventures relied but that is irrelevant to whether Capital Ventures was entitled to relief from the stay to pursue foreclosure to collect *the debtor's* debt and to enforce its lien against *the debtor's* interest in the property. No transcript is needed to pursue that issue.

Accordingly, I certify that the appeal is not being pursued in

good faith. It follows that § 1915(a)(3) bars her from obtaining leave under § 1915(a)(1) to pursue her appeal *in forma pauperis*.[3]

### B.

Nor is the debtor entitled to pursue her appeal *in forma pauperis* under 28 U.S.C. § 1930(f)(3). Section 1930(f)(3) provides authorization for a bankruptcy judge's "waiving, in accordance with Judicial Conference policy" the fees for filing a notice of appeal.[4] Under the Judicial Conference policy regarding fee waivers, 4 Guide to Judiciary Policy § 820 (Apr. 10, 2018),[5] such fees "may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of

---

[3] When an appellant from the district court fails to obtain leave to proceed without prepaying the filing fee, the court of appeals proceeds to dismiss the appeal unless the filing fee is promptly paid. *See Wooten v. District of Columbia Metro. Police Dept.*, 129 F.3d 206, 208 (D.C.Cir. 1997). By reason of 28 U.S.C. § 158(c)(2), directing that appeals from the bankruptcy court are to be taken in like fashion, failure to pay the filing fee—when an appellant from a Bankruptcy Court order is not granted leave to appeal without prepayment of the filing fee—should similarly lead to dismissal. In any event, even when an appellant pays the appeal fees, 28 U.S.C. § 1915(e)(2)(B)(i) requires dismissal if the appeal is frivolous or malicious.

[4] One of the fees for an appeal is imposed by 28 U.S.C. § 1930(c) and another fee for filing an appeal is prescribed under item 14 of the Miscellaneous Fee Schedule adopted pursuant to § 1930(b). Accordingly, those fees are, within the meaning of § 1930(f)(3), "fees prescribed under this section."

[5] The *Bankruptcy Case Policies* are available at:

https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies

the case and appeal warrant such waiver upon request." The debtor is not an individual debtor whose filing fee has been waived. Nor is a waiver of the transcript fee warranted based on the totality of the circumstances. It obviously would be inconsistent with § 1915(a)(3) for the Judicial Conference to authorize under § 1930(f)(3) a waiver of appeal fees when the appeal is not taken in good faith. In any event, it would be an abuse of discretion for a bankruptcy judge to grant a waiver pursuant to § 1930(f)(3) of appeal fees when the bankruptcy judge concludes that the appeal is not pursued in good faith.

C.

For the foregoing reasons, under both 28 U.S.C. § 1915(a)(1) and 28 U.S.C. § 1930(f)(3) leave to proceed *in forma pauperis* cannot be granted. It follows that the court cannot grant a waiver of the transcript fee under 28 U.S.C. § 753.

IV

Moreover, the exhibits received into evidence, without objection, at the hearing on the motion for relief from the automatic stay sufficed to fully support the determinations in the court's oral decision granting relief from the automatic stay, a decision recited in the court's *Memorandum Decision and Order Denying Motion to Stay Pending Appeal* which elaborates on why stay relief was appropriate. In pursuing her appeal, the debtor has no need for a transcript to address whether the

exhibits failed, as a matter of fact or law, to support the court's granting relief from the automatic stay.

V

For all of these reasons, it is

ORDERED that the debtor's *Motion to Waive Transcript Fees* (Dkt. No. 106) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing if she is not yet an e-recipient of filings); recipients of e-notifications of filings.