The document below is hereby signed.

Signed: November 22, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEANNIE QUINTEROS, | ) | Case No. 19-00195 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION SUPPLEMENTING MEMORANDUM
DECISION AND ORDER DENYING MOTION TO WAIVE TRANSCRIPT FEE

In the *Memorandum Decision and Order Denying Motion to Waive Transcript Fee* of November 8, 2009, Dkt. No. 126, at 4, I stated that the debtor "has failed under Fed. R. Bankr. P. 8009(a)(1) to file a statement of the issues to be presented on appeal." I subsequently learned that the *Notice of Appeal*[1] included an attached *Statement of Issues to be Presented on Appeal*.[2] That *Statement of Issues,* D. Ct. Dkt. No. 1, at 5-6 of 93, indicates

---

[1] The appeal is pending as Civil Action No. 19-02997-ABJ in the District Court. References to "D. Ct. Dkt. No." refer to the docket entries in that civil action.

[2] The Clerk's office did not docket the *Statement of Issues* as a separate document. Nor did the docket entry text for the *Notice of Appeal* give any indication that it included the *Statement of Issues*. Therefore, I concluded in the prior *Memorandum Decision and Order Denying Motion to Waive Transcript Fee* that the debtor had filed no such statement.

that the issues to be presented on appeal are:

> I.   Did the Bankruptcy Court commit substantial prejudice and reversible error when it accepted a loan modification procured by fraud as basis to grant standing to an alleged Creditor Capital Ventures International, LLC's that is not a real party in interest in Debtors real property.
>
> II.  Did the Bankruptcy Court Err when it granted the alleged Creditor Capital Ventures International, LLC's Motion for Relief of Automatic Stay when it determined that debtor's entry of a settlement agreement, that was procured by fraud, relieved the alleged creditor from complying with Florida Law regarding the entitlement and right to enforce a lost note which was never in possession of Capital Ventures International, LLC or its privies.
>
> III. Did the Bankruptcy Court Err when it denied the Debtor's Motion to Strike the Motion for Relief from Automatic Stay after finding the creditor failed to timely file a Proof of Claim.

The debtor has not shown why she needs a transcript to pursue those issues on appeal: the documentary evidence fully supported this court's findings of fact and warranted this court's conclusions of law. The debtor did not articulate why anything that transpired in the testimony or oral argument would assist her in pursuing those issues on appeal.[3]

---

[3] After the entry of the *Memorandum Decision and Order Denying Motion to Waive Transcript Fee*, the debtor ordered a transcript from Bowles Reporting Service and a transcript has been filed (Dkt. Nos. 133 through 135). I do not address whether her request for a waiver of the transcript fee is moot, that is, whether the request for a waiver cannot be granted when she has already obtained a transcript. I will assume, without deciding, that if she was entitled to a waiver, her request can still be granted and she can be reimbursed for payment of the transcript fee.

The prior *Memorandum Decision and Order Denying Motion to Waive Transcript Fee*, at 4, explained that no waiver of the transcript fee was appropriate because the debtor was not entitled to pursue her appeal *in forma pauperis*: for reasons discussed in the *Memorandum Decision and Order Denying Motion to Stay Pending Appeal*, Dkt. No. 128, at 2-3, and 19-21, there is no issue she raised in that motion or could otherwise pursue on appeal that has an arguable basis in law and fact—the test for ascertaining whether an appeal is pursued in good faith such that the court could grant leave to appeal *in forma pauperis* in light of 28 U.S.C. § 1915(a)(3). That conclusion applies to the three issues the debtor identified in the *Statement of Issues to be Presented on Appeal*. I explain below why those three issues have no arguable basis.

I

As to the issue of fraud in the procurement of the *Loan Modification Agreement*,[4] the *Memorandum Decision and Order Denying Motion to Stay Pending Appeal* stated at 11-12:

> The debtor contends that the *Loan Modification Agreement* was procured by fraud, but does not contest that far in excess of $400,000 is owed on the *Note* even if the *Loan Modification Agreement* is not effective and Capital Ventures is not the entity entitled to enforce the *Note* and *Mortgage*. The Property is worth well less than $400,000, and there is no equity in the Property.

---

[4] D. Ct. Dkt. No. 2, at 50 of 286.

3

Accordingly, treating the *Loan Modification Agreement* as ineffective would not alter the court's conclusion that relief from the automatic stay was appropriate:

- under 11 U.S.C. § 362(d)(1), as cause exists to lift the stay because no bankruptcy purpose would be served by keeping the stay in place when there is no equity in the Property and the debtor's proposed plan does not address Capital Ventures' claim; and
- under 11 U.S.C. § 362(d)(2), as there is no equity in the Property and the debtor has not shown that the Property is necessary for an effective reorganization.

II

The debtor and Capital Ventures entered into a *Settlement Agreement and Release*[5] under which Capital Ventures is treated as the holder of the *Note* at issue.  The debtor asserted that the *Settlement Agreement and Release* was procured by fraud.  There is no arguable basis in law and fact for the debtor's argument that the bankruptcy court committed error in concluding that her assertion of fraud did not bar granting relief from the automatic stay.

Capital Ventures asserts in its pending foreclosure action that it is entitled to enforce the *Note* at issue against the

---

[5] Dkt. No. 107-1, at 52 of 62, *also filed in* D. Ct. Dkt. No. 2, at 277 of 286.

Property.[6] The debtor's proposed Chapter 13 plan does not propose a treatment of the claim.  The plan does not invoke any of the tools available under the Bankruptcy Code in a Chapter 13 case to address curing arrears on the *Note* or to alter the terms of the *Note* and *Mortgage*, and the debtor has no equity in the Property.  The debtor has not articulated any reason under the Bankruptcy Code to keep the automatic stay in place.  In these circumstances, relief from the automatic stay is appropriate without addressing Capital Ventures' right to enforce the *Note*. *See In re Horton*, Case No. 18-00636, 2019 WL 642833, at *1 (Bankr. D.D.C. Feb. 14, 2019) ("The automatic stay is a temporary stay pending a determination of whether there is cause to lift the stay, and such cause includes there being, as here, no reason under the Bankruptcy Code to keep the automatic stay in place."). Congress did not intend that a Chapter 13 case be an indefinite purgatory preventing enforcement of a lien claim on property in which a debtor has no equity and where the debtor's plan fails to accord a treatment of that claim, and specifies that the claim will be dealt with outside of the plan.

Regardless of whether Capital Ventures' asserted right to foreclose on the Property will ultimately be upheld, Capital Ventures has established that it is a party in interest and has

---

[6] *See Mot. for Relief from Automatic Stay*, Dkt. No. 54.

standing to pursue relief from the automatic stay.  The *Memorandum Decision and Order Denying Motion to Stay Pending Appeal,* Dkt. No. 128, at 23-26, explained in depth that a hearing on a motion for relief from the automatic stay is not a plenary proceeding regarding the enforceability of a lien, but only a summary proceeding in which the creditor must present a colorable claim that it has a right to enforce the lien.  For two reasons, Capital Ventures has such a colorable claim.  The exhibits received into evidence, some of which were not designated as part of the record on appeal,[7] fully warrant that conclusion.  The debtor has not shown any need for a transcript to challenge it.

    First, even if there had been no *Settlement Agreement and Release*, Capital Ventures showed that the *Note* at issue had been assigned to it, and that although the *Note* was lost, an *Affidavit*

---

[7] The exhibits received in evidence are attached to the Case Hearing Summary of October 1, 2019 (Dkt. No. 107).  Some of the exhibits consisted of documents from public records gathered by William Palaato who testified for the debtor.  I denied the debtor's request to have Palaato testify as an expert, and declined to receive his so-called "expert report" into evidence.  However, I allowed him to testify regarding facts he had discovered from public records, and I received into evidence as Exhibits O-2 to O-4, Dkt. No. 107-2, at 3-127 of 131, the documents he had gathered from public records and appended to his report.  The debtor's designation of the record, D. Ct. Dkt. No. 2, at 4 of 286, did not designate those exhibits as part of the record.

6

*of Lost Note*[8] showed that the *Note*[9] was endorsed in blank, and that Capital Ventures is entitled to pursue foreclosure based on the provisions of Florida law regarding enforcing a note when it has been lost. Accordingly, the evidence established that even if there had been no *Settlement Agreement and Release*, Capital Ventures would have a colorable right to enforce the *Note* even

---

[8] The *Affidavit of Lost Note* is filed in Dkt. No. 54-1, at 1-2 of 12, in Dkt. No. 107-1, at 45-46 of 62, and in Dkt. No. 107-2, at 90-91 of 131. The *Affidavit* is also filed in D. Ct. Dkt. No. 2, at 112-13 of 286, and at 269-70 of 286. The *Affidavit* ¶ 8 recites that "A copy of the original note and Endorsement is attached hereto as Exhibit 'A.'"

[9] *InterestFirst Adjustable Rate Note*. This *Note* is filed in Dkt. No. 54-1, at 3-7 of 12, and in Dkt. No. 107-2, at 92-96 of 131. The *Note* is also filed in D. Ct. Dkt. No. 2, at 114-18 of 286. It is hand-marked as Exhibit "A."

7

though it was lost.[10]

Second, the *Settlement Agreement and Release* established a colorable basis for Capital Ventures to sue on the *Note*. As explained in the *Memorandum Decision and Order Denying Motion to Stay Pending Appeal* at 26-27:

> Capital Ventures has met its prima facie burden by presenting the *Settlement Agreement and Release*, wherein the debtor acknowledged that Capital Ventures was the party entitled to enforce the *Note*. The debtor challenges that the *Settlement Agreement and Release* was obtained by fraud. Even if true, the debtor is currently bound by the *Settlement Agreement and Release*, until it is found that the *Settlement Agreement and Release* was in fact induced by fraud. As already discussed above, a hearing on a motion for relief from the automatic stay is

---

[10] The prior holder of the *Note* was National Home Investors. In a foreclosure action commenced in 2011 in Florida state court, National Home Investors, substituted in place of an earlier holder of the *Note*, filed a *Motion for Leave to File Amended Complaint to Add Count for Lost Note* on October 28, 2014. Dkt. No. 107-2, at 84 of 131. An employee of Kahane & Associates, P.A., which acted as counsel for National Home Investors, and which was the last possessor of the *Note* when it was lost, executed the *Affidavit of Lost Note* on October 6, 2014, reciting that the *Note* was delivered to Kahane & Associates, P.A. by Acqura Loan Services on May 9, 2011. The *Affidavit of Lost Note* then recites that the *Note* was lost sometime prior to October 6, 2014. On November 6, 2014, Capital Ventures entered into an agreement to purchase the *Note*. *See Mortgage Asset Purchase*, Dkt. No. 107-1, at 5 of 62, *also filed in* D. Ct. Dkt. No. 2, at 229 of 286. The foreclosure action pursued by National Home Investors was dismissed once the debtor entered into the *Settlement Agreement and Release* with Capital Ventures. When the debtor failed to make payments as required by the Loan Modification Agreement—executed pursuant to the *Settlement Agreement and Release*—Capital Ventures filed its own foreclosure action. *See Verified Amended Complaint to Foreclose Mortgage*, Dkt. No. 107-2, at 4 of 131. Count I of this *Verified Amended Complaint* is an Action to Re-Establish a Lost Instrument, *id.* at 12 of 131.

8

> a summary hearing, and therefore, it is inappropriate for the court to decide whether the *Settlement Agreement and Release* was in fact entered into by fraud.
>
> In any event, the debtor has not provided evidence of fraud.  The *Settlement Agreement and Release* was negotiated with the debtor's attorney.  The debtor and her attorney had both been put on notice that the *Note* was lost when National Home Investors had filed its motion to amend the complaint on October 28, 2014, several months before the debtor executed the *Settlement Agreement and Release* on January 17, 2015.  Capital Ventures was not hiding anything from the debtor, or debtor's counsel.
>
> Moreover, the issue of whether Capital Ventures is the holder of the *Note* with the right to enforce it is an issue that the bankruptcy court has inherent authority to abstain from hearing under 28 U.S.C. § 1334(c)(1).  This is a matter of state law, for which a state proceeding is pending, and as a matter of comity and judicial economy, it makes more sense for a Florida court to decide the issue of whether Capital Ventures is the holder of the *Note* under Florida law, than for a bankruptcy court, sitting in the District of Columbia, to decide that same issue.  The debtor can raise any defenses or claims concerning the validity of Capital Ventures claim to be the holder of the *Note* in the state court.

The debtor has not shown that she can raise an issue on appeal that has an arguable basis in law and fact, pursuant to her contention that the *Settlement Agreement and Release* was procured by fraud.

### III

The debtor renews her argument that the creditor's failure to file a timely proof of claim bars pursuit of stay relief.  For the reasons set forth in the *Memorandum Decision and Order Denying Motion to Stay Pending Appeal*, Dkt. No. 128, at 31-37, that argument is frivolous.  Therefore, the debtor has no need for a transcript to pursue that argument.

IV

The debtor's *Motion to Waive Transcript Fee* must be denied for the reasons set forth in the prior *Memorandum Decision and Order Denying Motion to Waive Transcript Fee,* supplemented as set forth above.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing if she is not yet an e-recipient of filings); recipients of e-notifications of filings.